The last case for today is Lone Star Security v. City of Los Angeles. Good morning. May it please the Court. My name is Mike Nagel, and I represent the City of Los Angeles, the appellant in this case. The issue before this Court from the City's point, from the City's briefs, is that it's whether the District Court erred in finding or failing to follow California laws of statutory interpretation in interpreting the Los Angeles Municipal Code, Section 80.73.2. Since the City has briefed the City... Counsel, Counsel, Counsel Judge Gould, at some point in your argument, could you address why the District Court would have had federal jurisdiction here in a dispute about whether a local ordinance violated a state law? Yes, Your Honor. Since that is the question, I wasn't really going to address that issue unless the Court had questions. It's critical. Do you understand what it means to be in federal court? Yes, Your Honor. Do you understand that federal jurisdiction is the fundamental question of whether you're properly in federal court or not, whether you brought us here or you were brought here, as in this case? Yes, Your Honor. Is that not pretty clear from a request from supplemental briefing? Yes, Your Honor. And the City would argue that the Court did not have subject matter jurisdiction to interpret the 80.73.2. One, because Judge Janis had already interpreted the language of 80.73.2. What has that got to do with federal jurisdiction? Well, there's a number of issues. What does Section 1983 provide? It provides a cause of action where there's a colorable claim in federal statute if there's a violation under color of state law. And the City was arguing that ---- A federal constitutional violation. Right, a federal constitutional violation, Your Honor. The City was arguing that there was no federal constitutional violation because the statute itself under California law was constitutional, that Judge Janis had interpreted and reviewed all the documents that were presented to Judge Matz and had found that it was in compliance with state law with the field proposed Section 2265.8. Let's suppose you violated state law. If we had violated state law ---- What's the federal constitutional violation for violating state law? It would have been in the way that we had enforced the state law. If we enforced it in a nonconstitutional manner, for instance, violating his property rights under Section 1983, if the law was unconstitutional and we were enforcing it in an unconstitutional manner, then yes, that he would have had a colorable federal claim. Well, what about the invalidity of the ordinance in the first place? What's the federal claim there? Well, the City would argue that it wasn't really ---- that the Court did not have subject matter jurisdiction on that to determine the validity because the validity had already been determined in state court. I know we're in sort of a circle of argument, but it's not a big deal. Well, it's not a federal question. Let me express my concern for you and for your opponent, the appellee. You know, I have trouble seeing how there is a federal 1983 claim that could give the district court subject matter jurisdiction when there's an allegation that an ordinance that a city relied on violated state law. But whether it violated a state statute or a state constitution, I'm not yet seeing why that would create a due process federal claim. Because if it did, it seems to me that any time a state or a city acted in accord with a statute that was later determined to violate some state law or state constitutional provision, which could be broader than our constitution, we would be transforming it into a federal question. So that's kind of my initial concern. And maybe you could address it in your ---- Yes, Your Honor, we agree with what you just said. That is exactly right, and that's exactly what happened in this case. They had an adverse ruling in state court, so they brought it up. Well, it doesn't make any ---- you're missing the point. Whatever happened in state court, the question is even if there had been no ruling, if they'd come straight to federal court, you're missing the point. The question is if the theory of their due process claim is that the city violated state law, what is the federal constitutional claim? A substitute claim. I would argue there is no substitute. Well, you should have, but you didn't. No, I didn't. You didn't even do it when you were asked to by this court. Judge Matz got a little upset with you folks in the district court because he didn't think you had done the proper job arguing the case to him because you didn't cite the right statutes. When you move to federal court, you have to put on a different lens and look at federal law. Okay, I understand the city attorney's office is frequently or typically in the state and city courts. But, you know, when you're in federal court, you've got to go back and brush up on federal jurisdictional law and constitutional law. Now, in the ruling by Judge Matz, kind of almost as a throwaway, he says that there was proper notice of the seizure of the trailers. Now, that would be the only possible federal issue that I could see, that if there hadn't been proper notice, there might possibly be a due process violation. So I don't know whether that kind of a throwaway that he said at the end of his opinion is enough to get you into federal court. I'm doubtful. I would argue that he was correct in terms of their argument regarding notice was frivolous. It's not a colorable claim under federal law. Because they were given notice over 400 times, 400 to 500 times before we ever even impounded their trailers, they simply ignored notices. They had notices, Judge Matz described in his decision, repeatedly. And they cite Clement v. City of Glendale as a case where they should be in federal court. However, the City of Glendale or Clement v. City of Glendale didn't abitiate the exceptions to giving pre-impound notice, one of those exceptions being when it would be totally futile to do so, as it was in this case, because he didn't pay the fines. He admitted in his deposition, Bruce Boyer of Lone Star, that they never paid the fines, that they had been cited over 400 to 500 times. And it's not a colorable federal claim when it's frivolous and without merit. And this Court can find that, as Judge Matz found that. All right. Do you want to save the rest of your time? Yes, Your Honor.  Counsel? Good morning. May it please the Court. I'm George Wallace of Wallace, Brown and Schwartz on behalf of the Appellee and Cross-Appellant Lone Star Security and Video, Inc. And obviously, the Court's concern with subject matter jurisdiction falls primarily on my client, as we are the parties who commenced this action in this case. Right. The feeding up on the City. If anyone has acted to invoke jurisdiction that is not there, it was certainly me, Your Honor. From the inception of this case, all of the participants, the City, my client, Judge Matz, all were certainly under the impression that 1983 and 1343 provided subject matter jurisdiction because a federal constitutional claim was being presented. Well, no. Okay. So let me just make this comment. There is a federal claim about whether there's notice satisfies due process. But if you put that aside, the concern that at least I have is there's no federal constitutional claim. It seems to me, subject to hearing further argument, we're just saying that the ordinance violates the state, the state law, or if it violated a state constitution. So that's my concern, is in terms of what was determined, that the ordinance was broader than the state law. So why is that a federal claim? Just to sharpen it a bit, I understand you to be making two claims. The notice claim is that before they towed, they should have put a sticker on the windshield or something, that that is carrying out a state statute, but in an unconstitutional manner because they didn't have notice of the enforcement. But the first and major claim, and the one that Judge Matt sustained on your behalf, was that the city was violating state law by towing the cars regardless of notice. It didn't have the authority to do it. And that's how you framed the – that was framed as a separate constitutional claim. Your Honor, you are correct. All right. Thank you. We presented those two arguments as independent constitutional claims. And my understanding from the Court's request for additional briefing on subject matter jurisdiction was that your concern is exactly as you and Judge Gould have expressed it, that the attack on the legitimacy of the city's ordinance did not appear to you to constitute a federal constitutional claim such as 1983 is concerned with. Is that the Court's concern? Yes. Now, reading your complaint, I was quite at sea as to what you were really claiming. What did you claim in your complaint? Nothing about notice, clearly. In the complaint, the notice issue is also addressed. There is the discussion in the complaint, for example, of the content of the city's what we refer to as the glean tags, the pre-impound notice that the city did in some cases use. The complaint was intended to frame exactly the two-pronged argument that the Court has articulated and that we presented as the twinned basis for the motion for central judgment when that came before Judge Matz. Read me the part of your complaint that does that. Your Honor, I unfortunately do not have my copy of the complaint with me this morning. I would be happy to submit a citation to the record for the Court if I might. I find that rather amazing that you don't have your complaint with you, which is the guts of your case. Your Honor, the notice issue was, I believe, framed in the complaint. It was certainly framed in the motion for summary judgment. Judge Matz didn't agree with that argument, but the issue was squarely placed in front of the Court. As we have urged it on appeal here, the notice issue really does go to the fundamentals of due process, notice, and the opportunity to be heard. But the return to the question. I'm sorry. Yes, Your Honor. In fact, your client got notice in effect millions of times that he was in violation. Maybe that argument is too frivolous to even consider it as a basis for jurisdiction. I think not, Your Honor. I think it's not. I think it's a good argument to consider. I think it's a good argument to consider. We actually addressed that concern in the reply brief, which is that if constitutional notice to satisfy due process is to mean anything, it has to be particularized notice that this particular item of property may shortly be seized by the government. So the notion that there had been repeated occasions in the past in which there had been claimed violations does not obviate the necessity of giving notice in each particular case going forward that this vehicle at this location on this date may be in violation and may be subject to impound. Additionally, there's the discussion in Chief Judge Kaczynski's opinion in the Clement case indicating that seizure of property or impounding of vehicles is not an appropriate constitutional remedy for unpaid citations. If there were citations to be paid, the city had means of enforcing the citations that needed to be paid, and they did not include the impound. But I have gone straight from the main concern on jurisdiction. I'd like to get you off to the question that's troubling for us to ponder, and that is, OK, there could be jurisdiction on the notice claim. And if you'd made a pendant state law claim for declaratory relief or some other relief about invalidity of state law, maybe it could have been carried along. But but that's not what the judge decided. The judge looked at your pleading saying that the violation of state law was a federal violation, and that's what he ruled upon, and that's what you appealed. But if that's not a federal claim, then we should probably send it back to the district court. Your Honor, I do want to address this. For lack of jurisdiction or whatever. I do want to address that concern head-on, Your Honor, and we attempted to do so in our letter brief. The determination of whether or not the city's ordinance was an authorized or appropriate ordinance was not itself the thrust of the claim. I would agree that simply seeking that declaration probably does not trigger subject matter jurisdiction in the Federal court. What the ordinance operates – the role of the ordinance in this case is as a factual predicate to the determination that the impounds under that ordinance violated due process. In the absence of any appropriate local ordinance, there is no authority to impound vehicles for this 72-hour violation. Every city that wants to impound for 72-hour violations must adopt an ordinance pursuant to the California Vehicle Code. Los Angeles adopted an ordinance. But as we argued and as Judge Matz concluded, the ordinance that they adopted was a defective ordinance. It went beyond the authority that had been delegated by the State. Or maybe they just cited the wrong section. Wasn't there a section which allowed towing? There are two sections. There was 80.73.2, which is the one that Judge Matz invalidated, and there was also 80.77. And as we have addressed it in the briefs on the merits, you cannot separate one from the other. And it was also clear, particularly from the terms of the green tag notices when they were given, that 80.73.2 was, in fact, the ordinance under which the city was purporting to operate. But to conclude the answer to why there is Federal jurisdiction over this claim, our logic was that if there is no valid ordinance, there is no authority to impound at all. Therefore, any impound purporting to be on the basis of that ordinance would be an impound without due process of law, simply because it is an unauthorized act. And therefore, there cannot be appropriate notice or opportunity for hearing if the act itself is per se unauthorized by law. And that is the logic, that the constitutional violation is the taking of property without due process. And, of course, we've articulated how that violation occurred on the notice issue. The issue as to the invalid ordinance is similar. If there is no valid ordinance authorizing the taking of the property, there cannot be due process afforded when that property is taken, and it's the taking of the property without due process that constitutes the constitutional violation. So we have asserted below, and so I would assert here. And on that. Let me give you a hypothetical that I don't know if it's analogous or not. Let's say a state has a tax, and it's taxing businesses for some activity. Someone challenges the tax, and it's determined that the tax offends a state constitutional provision, so the tax statutes void or unenforceable. Would your theory mean that someone could bring a federal constitutional claim in that case, saying that their money was taken without any valid state taxing statute? Your Honor, I don't think that that situation is analogous to the situation here. I would tend to agree with the premise of your question that that sort of challenge would not satisfy muster under 1983 and would not in itself provide federal subject matter jurisdiction. I think the key difference in this case is that we have an activity of the City of Los Angeles, the entire purpose of which is to take property. In this case, it's vehicles. It could just as well be an improper exercise of, say, the eminent domain power. It would be a violation of the Federal Constitution because the purpose of the activity is to take property, as opposed to the taxing function, which is really a different function of the State. That is how I would submit that the two cases you pose are actually distinguishable. So I think that there should be and that there was subject matter jurisdiction here, but that there probably would not be in your hypothetical tax situation. Thank you. Okay. Thank you. All right. If the Court has any further questions, either on the jurisdiction issue or on the merits, I'll address them. Otherwise, I see my time is gone, and I will. Thank you. All right. Thank you. Just in looking at page 7 of my supplemental brief, I did say that you could not have a Federal constitutional claim based on the wording of the State statute, and based on what you – what I've heard from this Court, the City would agree that there is no subject matter jurisdiction on that issue. The City regrets that it didn't raise that issue, obviously, at the time of the District Court level. But the District Court level did go on then to review the actual statute. And the City would argue that he failed to follow California law in interpreting that statute, which he was required to do. And what counsel keeps ignoring is that 80.77 existed at the same time. The reason Judge Matz overruled the motion in Lemony is because he said I had never raised the issue of 80.77, but it was throughout every exhibit that I attached to my opposition to the summary judgment motion. And I attached Judge Janoff's decision, which discussed it in detail. He ignored all of that. And if he's going to interpret California – a California statute, he needed to follow California statutory rules of interpretation. Had he got – It would be helpful if you followed the local rules and the Federal rules of pleading and procedure. That's – I agree. But at the same time, he also had an obligation. Don't go shifting blame on Judge Matz. Also, it's clear that the statute that was cited on these notices was not the 77. It was the other statute. Well, that's on the notices. On the impounds themselves, it was always vehicle code section 22651K. And plaintiffs had admitted – Lonestar had admitted in State court that 80.77 was the authorizing statute. This wasn't an issue. In fact, they never raised the language issue of the statute in their complaint. This didn't occur until 2006. They, in fact, continued to tell the court, both Judge Tabrizian and Judge Matz, that they were not facially challenging the ordinance. Judge Matz then relied on the memorandum of contentions and facts and law, and they were taken out of context, which the City has argued in its brief. It would be a great injustice to the City to have – not have that statute properly interpreted based on the class action lawsuit that is proceeding because of this decision, which the City would argue is wrongly decided, and the City will submit it. All right. Thank you for the arguments. The case is submitted. You may send a letter. That would be helpful. And make sure you send a copy to the City's attorney. Well, the complaint is very short, and I have it. And it's a rather odd raising, if it's a raising at all. All right. Thank you. And we will stand in recess for the day. All rise. This court shall stand in recess.
judges: Fletcher B. , Fisher, Gould